1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      DAVID DINGLE,                              No.  2:20-cv-1878 DB P

12                Plaintiff,

13      Dr. GREGORY C. TESLUK, et al..             ORDER

14                Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

17      1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's

18      complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to

19      proceed in forma pauperis and finds plaintiff has stated no cognizable claims for relief.  Plaintiff

20      will be given the opportunity to file an amended complaint

21                              **IN FORMA PAUPERIS**

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23      Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25      1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26      accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27      the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28      forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4    1915(b)(2).

5                                                **SCREENING**

6    **I. Legal Standards**

7         The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

9    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

10   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12   U.S.C. § 1915A(b)(1) & (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

14   v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

15   1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

16   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

17   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

18   arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

19   Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

20   pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

21   the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

22   (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23        However, in order to survive dismissal for failure to state a claim a complaint must contain

24   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

26   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

28   ////

                                                    2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.  Analysis**

**A.  Allegations of the Complaint**

Plaintiff complains of conduct that occurred at Mule Creek State Prison ("MCSP") where he

is currently incarcerated.  Plaintiff identifies two defendants:  Dr. Gregory C. Tesluk and D.

Azevedo, Health Care Grievance Coordinator.  Plaintiff also adds ten unnamed "Doe" defendants.

Plaintiff's allegations are brief.  He states that during an eye surgery performed by defendant

Tesluk, Tesluk improperly placed a shunt, which tore fibers attaching plaintiff's retina.  As a

result, plaintiff has substantially impaired vision.  Plaintiff claims he filed a grievance in October

2019 seeking "remedial care" or "corrective surgery."  However, defendant Azevedo, who is

responsible for "coordinating, providing, and/or supervising" plaintiff's medical care, failed to

take any action.  Plaintiff also contends Does 1-10 are also responsible for his medical care.

For relief, plaintiff seeks corrective surgery and damages.

////

////

////

3

**B.  Does Plaintiff State Cognizable Claims for Relief?**

**1.  Legal Standards for Eighth Amendment Medical Claim**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

////

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference.  See Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th

////

1  Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d

2  1337, 1344 (9th Cir. 1981).

3       **2. Analysis**

4       To state a claim for deliberate indifference to his serious medical needs, plaintiff must show:

5  (1) a serious medical need; (2) how each defendant responded to that need; and (3) why each

6  defendant's response demonstrates deliberate indifference.  Plaintiff's allegations are too brief to

7  meet any of these standards.

8       With respect to defendant Tesluk, plaintiff fails to show why Tesluk's error amounts to

9  deliberate indifference instead of negligence.  Further, plaintiff does not explain when or where

10  the surgery took place.  With respect to defendant Azevedo, plaintiff fails to show how Azevedo

11  was made aware of plaintiff's serious medical need, just why it has been Azevedo's responsibility

12  to address plaintiff's medical need, whether Azevedo has taken any actions in response to

13  plaintiff's October 2019 grievance, and why Azevedo's actions or inactions demonstrate

14  deliberate indifference.

15       Finally, plaintiff makes no cognizable claim against the Doe defendants.  There is no

16  provision in the Federal Rules of Civil Procedure for including unnamed or "Doe" defendants in a

17  complaint.  The use of Does in pleading practice is generally disfavored – but it is not prohibited.

18  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

19  1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008).

20  However, plaintiff must allege facts showing when, where, and how each Doe defendant violated

21  his constitutional rights.  See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015

22  WL 875233, at *3 (D. Ariz. Mar. 2, 2015).  Under § 1983, plaintiff must demonstrate that each

23  defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d

24  930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691, 695 (1978).

27       Plaintiff fails to identify any specific action, or inaction, by any specific unnamed defendant.

28  If he wishes to amend his complaint to allege claims against unnamed individuals, he must

1   identify each individual (for example, by calling them Doe 1 and Doe 2) and explain what each

2   one did.  Further, plaintiff must make every effort to determine the identity of each defendant

3   prior to amending his complaint.

4                                    **CONCLUSION**

5           This court finds above that plaintiff fails to state any claims for relief cognizable under 42

6   U.S.C. § 1983.  Plaintiff will be given the opportunity to file an amended complaint.

7           Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to

8   proceed on in this action.  Plaintiff must address the problems with his complaint that are

9   explained above.

10          Plaintiff is advised that in an amended complaint he must clearly identify each defendant and

11  the action that defendant took that violated his constitutional rights.  The court is not required to

12  review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

13  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

14  allegations must be set forth in the amended complaint so defendants have fair notice of the

15  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

16  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  <u>See</u> Fed. R.

17  Civ. P. 8(a).

18          Any amended complaint must show the federal court has jurisdiction, the action is brought in

19  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

20  request for particular relief.  Plaintiff must identify as a defendant only persons who personally

21  participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v.</u>

22  <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

23  constitutional right if he does an act, participates in another's act or omits to perform an act he is

24  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

25  official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d

26  266, 268 (9th Cir. 1982) (citations omitted).

27          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

28  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed with leave to amend.

4.  Within sixty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

////

1    Plaintiff's failure to file an amended complaint within the time provided, or otherwise

2    respond to this order, may result in a recommendation that this action be dismissed.

3    5.  The Clerk of the Court is directed to send plaintiff a copy of the civil complaint form

4        used in this district.

5    Dated:  November 5, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

17   DLB:9/DLB1/prisoner-civil rights/ding1878.scrn lta